*599 OPINION OF THE COURT
Per Curiam.
In that an agreement of immunity from prosecution exacted by petitioner in exchange for the return of children to their lawful custodian pursuant to a Family Court order is unenforceable, petitioner’s article 78 proceeding to prohibit prosecution for custodial interference was correctly dismissed by the Appellate Division.
In accordance with the visitation provisions of a Family Court order of custody, petitioner — an attorney — during the summer of 1988 took charge of his three young children, who were to be returned to the custody of their mother (petitioner’s former spouse) by July 31. On July 16, petitioner was seen in New Jersey in his car with two children; the car was pulling a trailer packed with boxes. When the children were not returned by July 31, with no word of their whereabouts, their mother contacted the authorities, and on August 3, a warrant was issued for petitioner’s arrest, for the felony of custodial interference in the first degree (Penal Law § 135.50 [1]).
Some weeks later — on August 31 — petitioner called an Assistant District Attorney and offered to return the children by September 8, but only on condition that he received absolute immunity from prosecution and that his former spouse agree not to seek any change in the visitation provisions of the Family Court order. When petitioner telephoned the ADA two days later, she read him a draft agreement and then transmitted a copy electronically to the office of petitioner’s brother, an attorney in California. The agreement provided full immunity from prosecution for the return of the children safely and in good health by September 8, 1988, and represented that the prosecutor would use "all reasonable and best efforts” to prevent the children’s mother from seeking any change in the Family Court order that would adversely affect petitioner’s visitation privileges.
Petitioner informed the ADA of spelling errors in the draft; he solicited her promise that the District Attorney would take steps to insure that he would not be prosecuted under any Federal statute; and he demanded that he not be required to deliver the children personally. On September 6, a signed agreement incorporating these revisions was sent to the office of petitioner’s brother and on September 8, petitioner deliv *600 ered the children to their mother’s apartment. He was thereafter arrested pursuant to the August warrant.
In response to a felony complaint charging him with custodial interference, petitioner initiated the present article 78 proceeding seeking to prohibit prosecution as a violation of the agreed immunity. The Appellate Division dismissed the petition, without opinion, and this court granted leave to appeal. We now affirm.
The core of petitioner’s argument is that prohibition is required because refusal to honor this "negotiated arrangement” offends notions of fair dealing and due process, and constitutes a breach of the obligations of public prosecutors. We have no quarrel with petitioner’s observations that a high trust is reposed in prosecutors, and that prosecutorial integrity is central to the entire criminal justice system (see, Matter of Chaipis v State Liq. Auth., 44 NY2d 57; see also, People v McConnell, 49 NY2d 340, 349). But we cannot agree that these principles have any application to the facts at hand. While petitioner complains of a lack of good-faith bargaining, these parties were not engaged in any true bargaining, a process that contemplates that each side will contribute something in exchange for a desired compromise.
Petitioner instituted this "negotiation,” and escalated his demands, while secreting three children in violation of a court order, their welfare unknown. In exchange for the prosecutor’s concessions, petitioner contributed nothing, and agreed to do no more than the law already required of him — return the children to their lawful custodian, safe and in good health. Mandating enforcement of an agreement exacted in these circumstances is a perversion, not a requirement, of public policy (see, United States v Gorham, 523 F2d 1088, 1097 [DC Cir]).
Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Judgment affirmed, without costs.